VIRGINIA:  IN THE CIRCUIT COURT FOR THE CITY OF CHARLOTTESVILLE

NANCY GRANT,

        Plaintiff,

v.

CL - 09+117

**SPRINT NEXTEL CORPORATION,**

a Kansas Corporation,

Serve: Corporation Service Company, Registered Agent
      11 S. 12th Street
      Richmond, Virginia 23218
      (City of Richmond)

and

**EMBARQ CORPORATION,**

a Delaware Corporation,

Serve: Corporation Service Company, Registered Agent
      11 S. 12th Street
      Richmond, Virginia 23218
      (City of Richmond)

## COMPLAINT

Plaintiff, Nancy Grant, moves this Court for judgment against defendants and in support thereof alleges as follows:

1.    Plaintiff files this Complaint pursuant to the Employee Retirement Income Security Act, 29 U.S.C. § 1001, *et seq.* ("ERISA"). This is an action to enforce the terms of employee welfare benefit plans, to recover benefits due to her under the terms of employee welfare benefit plans, and to clarify her rights to future benefits under the terms of an employee welfare benefit plan, all pursuant to ERISA § 502(a)(1)(B).

1



2. All administrative prerequisites to the filing of the above-captioned action have been met and plaintiff has received a final denial of her administrative appeal pursuant to defendant Embarq's Retirement Pension Plan on June 5, 2008.

3. Jurisdiction is proper in this Court pursuant to ERISA. Venue is proper in this Court, because at all relevant times herein, the defendants conducted substantial business in the City of Charlottesville and all defendants' actions complained of occurred to the plaintiff in the City of Charlottesville.

4. Plaintiff is an adult female and a resident of the Commonwealth of Virginia.

5. Defendant Sprint Nextel Corporation was and is at all relevant times herein a duly organized and existing corporation chartered under and by virtue of the laws of the State of Kansas and authorized to do business in the Commonwealth of Virginia.

6. Defendant Embarq Corporation was and is at all relevant times herein a duly organized and existing corporation chartered under and by virtue of the laws of the State of Delaware and authorized to do business in the Commonwealth of Virginia.

7. Plaintiff was a long term employee of Sprint Corporation and its predecessors until her retirement in 2004.

8. Plaintiff retired under the Sprint "Special Early Retirement" pension option of the Sprint Retirement Pension Plan (hereinafter the "Sprint Plan") in or about April, 2004 and began receiving benefits under this option in or about June, 2004.

9. At the time of her retirement, plaintiff was suffering from a job-related injury and was entitled to and was receiving Workers Compensation benefits.

10. At the time of plaintiff's retirement in 2004, the terms of the Sprint Plan did not

2

require any "Special Early Retirement" pension benefits to be offset or reduced by plaintiff's receipt of government-sponsored benefits such as Workers' Compensation, but only required "Disability Pension Benefits" to be so reduced.

11.     At some point after plaintiff began receiving her Special Early Retirement benefits from Sprint, Sprint merged with Nextel Corporation to form defendant Sprint Nextel Corporation.

12.     At some point in time between June, 2004 and June, 2006 the administration of the Sprint Special Early Retirement Plan was taken over by Sprint Nextel Corporation.

13.     By letter dated June 9, 2006, plaintiff was advised by Sprint Nextel Corporation that her receipt of a worker's compensation check and "a pension check" was in violation of the Sprint Retirement Summary Plan Description, that she had been overpaid $13,357 in "disability pension benefit(s)," and that her pension benefits would cease until she stopped receiving worker's compensation benefits.

14.     Defendant Sprint Nextel Corporation's June 9, 2006 letter was incorrect in that the specific type of retirement benefits plaintiff was receiving, "Special Early Retirement" pension benefits, allowed receipt of worker's compensation and the pension benefit at the same time.

15.     The Sprint Retirement Summary Plan Description under which plaintiff retired provided that "Disability retirement benefits are also reduced by any disability benefits received from government sponsored programs (other than Social Security), such as Worker's Compensation."

16.     Contrary to defendant Sprint Nextel's June 9, 2006 letter, plaintiff was not and has never been on disability retirement benefits.

17.     As a result of the June 9, 2006 letter she received, as of July 1, 2006, plaintiff's

3

Special Early Retirement benefits were stopped and she was advised the $13,357 overpayment would be recouped by suspension of her monthly benefits.

18. In or about February, 2006, defendant Sprint Nextel Corporation spun off defendant Embarq Corporation.

19. Defendant Embarq Corporation formed and currently owns, operates, and administers a retirement plan for its retired employees known as the Embarq Retirement Pension Plan, hereinafter the "Embarq Plan."

20. After the spin off but before October, 2007, defendant Embarq included in the administration of the Embarq Plan all former employees of Sprint who retired under the terms of the Sprint Plan, including plaintiff, and began to administer and pay benefits under the Sprint Plan.

21. Prior to October, 2007, plaintiff notified defendant Embarq she had received a lump sum settlement of $65,000 for her worker's compensation claim.

22. In October, 2007, after being notified of and due to this Worker's Compensation settlement, defendant Embarq notified plaintiff she would receive a reduced monthly benefit of $160.12 (effective retroactively to July 1, 2006) beginning November 1, 2007.

23. Plaintiff has been receiving this reduced monthly amount from the Embarq Plan retroactive to July 1, 2006 through the present.

24. Whereas the Sprint Plan under which plaintiff retired contained no provisions reducing or offsetting "Special Early Retirement" benefits due to the receipt of Workers Compensation benefits, the Embarq Plan does contain such provisions.

25. Plaintiff did not retire and has never received Special Early Retirement benefits

4

under the terms of the Embarq Plan or received Disability Pension Benefits under either of the Plans.

26. Both the Sprint Plan and the Embarq Plan are employee welfare benefit plans within the meaning of ERISA.

## BREACH OF CONTRACT AND/OR VIOLATION OF ERISA ANTI-CUTBACK RULE

27. 29 U.S.C.A. § 1054(g) prohibits any ERISA retirement plan to adopt amendments that reduce accrued benefits to pensioners without approval by the Secretary of the Treasury.

28. Both being defined benefit plans, the Sprint and Embarq Plans guarantee to retirees certain fixed monthly pension benefits upon retirement.

29. Plaintiff relied upon the receipt of these fixed Special Early Retirement benefits determined prior to her retirement in making her decision to retire.

30. Because of her years of service with the Sprint Corporation, plaintiff was a qualified and vested participant in the Sprint Plan.

31. All of the benefits due plaintiff in accordance with the Sprint Plan were and are vested and nonforfeitable, and plaintiff has duly complied with all the conditions in order to receive such retirement benefits.

32. By taking over and assuming administration and payment of the Sprint Plan, defendants Sprint Nextel Corporation and Embarq Corporation and their plans are governed by the anti-cutback provisions of ERISA.

33. By eliminating plaintiff's Special Early Retirement benefits under the Sprint Plan as of July 1, 2006, defendant Sprint Nextel Corporation has (1) violated the terms of the Sprint Plan, breached its contract with plaintiff, and has failed to pay plaintiff retirement benefits to which she

is entitled under the Sprint Plan and ERISA, and/or (2) violated ERISA's anti-cutback rule by applying the different terms of a plan applicable to its Special Early Retirees to Sprint Special Early retirees such as plaintiff.

34. By retroactively reducing plaintiff's Special Early Retirement benefits in October, 2007 through the present, defendant Embarq Corporation has (1) violated the terms of the Sprint Plan, breached its contract with plaintiff, and has failed to pay plaintiff retirement benefits to which she is entitled under the Sprint Plan and ERISA, and/or (2) violated ERISA's anti-cutback rule by applying the different terms of its Plan applicable to its Special Early Retirees to Sprint Special Early retirees such as plaintiff.

WHEREFORE, plaintiff respectfully requests of this Court an Order:

A. Granting judgment against both defendants in the amount of her eliminated or reduced and owed benefits through the time of trial, the specifics of which are currently unavailable to plaintiff and will be determined through discovery, but estimated to be $30,000.

B. Granting prejudgment interest on all back benefits;

C. Declaring plaintiff is entitled to receive from defendants full Special Early Retirement benefits under the terms of the Sprint Plan into the future, unreduced by any past receipt of Workers Compensation benefits;

D. Granting plaintiff attorney's fees and costs incurred herein; and

E. Granting such other relief as may be appropriate.

Respectfully submitted,

NANCY GRANT

By Counsel

_D. Brock Green_ (signature)

D. Brock Green
VSB # 15421
Jones & Green, LLP
917 East Jefferson Street
Charlottesville, Virginia 22902
Telephone: 434-296-4138
Facsimile:   434-296-1209
Counsel for Plaintiff