# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### CHARLOTTESVILLE DIVISION

| | |
|---|---|
| NANCY GRANT, *Plaintiff,* v. SPRINT NEXTEL CORP., ET AL., *Defendants.* | CIVIL NO. 3:09cv00027 <br><br> <u>MEMORANDUM OPINION</u> <br><br> JUDGE NORMAN K. MOON |

Nancy Grant ("Plaintiff") was employed by an affiliate of Sprint Corporation. When her job was eliminated in spring 2004, she elected to retire under the company's Special Early Retirement pension option. At the time of Plaintiff's retirement, she was receiving workers' compensation benefits from a previously suffered injury. Defendant[1] paid full pension benefits for two years, but then informed Plaintiff that, pursuant to Sprint's benefits plan (also the "plan," or the "full benefits plan"), her monthly pension would be reduced, or offset, relative to the workers' compensation benefits. Plaintiff filed an administrative appeal regarding the offset decision, but the review committee concluded that, because the full benefits plan stated that workers' compensation benefits would be offset against an employee's pension, the offset was permissible, despite the fact that the Summary Plan Description ("SPD") made no mention of any circumstances in which Plaintiff's Special Early Retirement pension could be offset.

The instant action ensued. Both parties have filed motions for summary judgment (docket nos. 23 and 24) and, no party having requested argument on the motions, the motions are ripe for

---

[1] Plaintiff's original complaint named Sprint Nextel Corp. and Embarq Corp., but she subsequently filed an Amended Complaint naming only Embarq Employee Benefits Committee as a Defendant. Accordingly, I will refer to the Defendant in the singular form.

decision. For the reasons stated herein, I will grant Plaintiff's motion and deny Defendant's motion.

## I. STANDARDS OF REVIEW

### A. Cross Motions for Summary Judgment

Federal Rule of Civil Procedure 56(c) provides that a court shall grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-24 (1986). If both parties have moved for summary judgment, a court should consider "each motion separately on its own merits to determine whether either of the parties deserves judgment as a matter of law." *Rossignol v. Voorhaar*, 316 F.3d 516, 523 (4th Cir. 2003) (citation omitted). For each motion, "the court must take care to 'resolve all factual disputes and any competing, rational inferences in the light most favorable' to the party opposing that motion." *Id.* (quoting *Wightman v. Springfield Terminal Ry. Co.*, 100 F.3d 228, 230 (1st Cir.1996)).

### B. ERISA

In enacting ERISA, Congress established safeguards to ensure that fiduciaries would administer employee benefit plans "solely in the interest of the participants and beneficiaries." 29 U.S.C. § 1104(a)(1); *see also Makar v. Health Care Corp. of the Mid-Atlantic*, 872 F.2d 80, 83 (4th Cir. 1989). When reviewing a plan administrator's decision, a court should be guided by principles of trust law and "in doing so, it should analogize a plan administrator to the trustee of a common-law trust; and it should consider a benefit determination to be a fiduciary act (*i.e.*, an act in which the administrator owes a special duty of loyalty to the plan beneficiaries)." *Metropolitan Life Ins. Co. v. Glenn*, 554 U.S. 105, 128 S. Ct. 2343, 2347-48 (2008) (citations omitted). Trust law principles require courts to review a denial of plan benefits *de novo* unless the plan provides to the contrary. *Id.* at 2348. When, as is the case here, a plan grants the administrator discretionary

authority to determine eligibility for benefits, "a deferential standard of review [is] appropriate." *Id.*; *see also Booth v. Wal-Mart Stores, Inc.*, 201 F.3d 335, 341 (4th Cir. 2000) ("[T]he abuse of discretion standard . . . is the appropriate one for judicial review of a fiduciary's discretionary decision under ERISA.")

In determining whether a plan administrator has committed an abuse of discretion, a court may consider, but is not limited to, such factors as: (1) the language of the plan; (2) the purposes and goals of the plan; (3) the adequacy of the materials considered to make the decision and the degree to which they support it; (4) whether the fiduciary's interpretation was consistent with other provisions in the plan and with earlier interpretations of the plan; (5) whether the decision-making process was reasoned and principled; (6) whether the decision was consistent with the procedural and substantive requirements of ERISA; (7) any external standard relevant to the exercise of discretion; and (8) the fiduciary's motives and any conflict of interest it may have. *Booth*, 201 F.3d at 342-43.

## II. DISCUSSION

The fundamental question in this case is whether the Committee abused its discretion when it determined that the offset of Plaintiff's workers' compensation against her pension benefit was permissible despite the fact that no language in the SPD permits that offset.

ERISA requires SPDs to contain a statement "clearly identifying circumstances which may result in . . . offset" of any benefit that a beneficiary reasonably expects to receive. 29 C.F.R. § 2520.102-3(l). Here, the SPD plainly failed to comply with ERISA's disclosure requirements, as it fails to mention *any* circumstances under which a beneficiary's pension will be offset. Indeed, the SPD fails to mention any circumstances under which a participant's Special Early Retirement benefit may ultimately be less than what the participant "might otherwise reasonably expect the plan to provide on the basis of the description of benefits required" in a summary plan description.

*Id.* Plaintiff thus argues that Defendant's failure to disclose in the SPD that her workers' compensation benefits could be offset against her pension benefit creates a conflict between the SPD and the plan.[2]

Where a conflict exists between a plan and an SPD, such conflict should be resolved in favor of the SPD. *Pierce v. Security Trust Life Ins. Co.*, 979 F.2d 23, 27 (4th Cir. 1992). Indeed, in *Pierce* the Fourth Circuit observed:

> Since the SPD was the "statutorily established" source of information to which a plan participant would look for a statement of his rights under an ERISA plan, the SPD would also appear to be the "source" of information on which a plan participant could rely. It would seem to follow that, if there was a conflict between the complexities of the plan's language and the simple language of the SPD, the latter would control.

*Id.*[3] In creating the ERISA disclosure requirements, Congress sought to ensure that plan participants knew "what benefits [they] may be entitled to, [and] what circumstances may preclude [them] from obtaining benefits . . . ." H.R. Rep. 533, 93rd Cong., 2d Sess. (1974), *reprinted in* 1974 U.S.C.C.A.N. 4639, 4639. Accordingly, an SPD must be "written in a manner calculated to be understood by the average plan participant, and . . . sufficiently accurate and comprehensive to reasonably apprise such participants and beneficiaries of their rights and obligations under the

---

[2] Defendant argues that where, as here, a plaintiff brings a denial of benefits claim under 29 U.S.C. § 1132(a)(1)(B), such a claim is not available for ERISA disclosure violations. Defendant thus argues that even if the SPD violates ERISA's affirmative disclosure requirement found in 29 C.F.R. § 2520.102-3(l), Plaintiff cannot prevail on her denial of benefits claim here. However, Plaintiff's claim does not rest solely on the alleged disclosure violation; rather, Plaintiff asserts that the alleged disclosure violation demonstrates that the Committee abused its discretion in making its benefits determination. Moreover, as the Fourth Circuit held in *Booth v. Wal-Mart Stores, Inc.*, 201 F.3d 335, 342 (4th Cir. 2000), one of the factors a court may consider when determining whether a benefits determination constitutes an abuse of discretion is "whether the decision was consistent with the *procedural* and substantive requirements of ERISA." (Emphasis added). Therefore, Plaintiff is not foreclosed from pursuing her denial of benefits claim here simply because she asserts that Defendant's ERISA disclosure violation underlies the abuse of discretion.

[3] Of course, in certain circumstances, where a plan is specific but an SPD is silent as to a particular matter, no conflict exists. *See Martin v. Blue Cross & Blue Shield of Virginia*, 115 F.3d 1201, 1205 (4th Cir. 1997). In *Martin*, the SPD excluded medical benefits for "experimental or investigative procedures," and "[t]he Plan itself exclude[d] '[a]ny service determined to be Experimental/Investigative by the [plan administrator], in its sole discretion.'" *Id.* at 1204 (internal citation omitted). Thus, there was "no conflict between the absence of discretionary language in the SPD and its presence in the Plan," because "[v]esting the plan administrator with discretion in making coverage decisions simply does not conflict with the SPD's silence on the matter." *Id.* at 1205 (citations omitted). This stands in stark contrast to the instant case, where the SPD omitted information that it was required by law to contain.

plan." 29 U.S.C. § 1022(a).  Moreover, ERISA "contemplates that the [SPD] will be an employee's primary source of information regarding benefits, and employees are entitled to rely on the descriptions contained in the summary." *Pierce*, 979 F.2d 23, 27 (4th Cir. 1992).  It would be wholly illogical to require an SPD to disclose certain information, find that only the plan and not the SPD disclosed that information, but nevertheless conclude that there is no conflict between the SPD and the plan.  Indeed, such a conclusion would be contrary to Congress' purpose in enacting the ERISA disclosure provisions, which was to ensure "that the individual participant knows exactly where he stands with respect to the plan." *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 118 (1989) (citation omitted).  Accordingly, because the SPD failed to disclose required information, I conclude that there is a conflict between the SPD and the plan with regard to offsets against Special Early Retirement pension benefits.

When a claimant shows a conflict between an SPD and a plan, the language of the SPD shall be enforced if the claimant can "'show some significant reliance upon, *or* possible prejudice flowing from, the faulty plan description.'" *Aiken v. Policy Mgmt. Sys. Corp.*, 13 F.3d 138, 141 (4th Cir. 1993) (citation and quotation omitted).  "In order to show prejudice, a plaintiff must demonstrate that she was likely to have been harmed because of the discrepancy [between the SPD and the full plan.]" *Arnold ex rel. Hill v. Hartford Life Ins. Co.*, 527 F.Supp.2d 495, 505 (W.D. Va. 2007) (citation omitted).  Here, the record demonstrates that Plaintiff was likely prejudiced by application of the plan instead of the SPD.  Specifically, had the SPD properly informed her that her workers' compensation settlement could be offset against her pension, she could have delayed the application for and receipt of that pension benefit until after she was no longer receiving workers' compensation benefits.  Moreover, had Plaintiff delayed application for Special Early Retirement benefits until after settling her workers' compensation claim, she would have been eligible for a

higher pension benefit because her increased age would have rendered her pension benefit calculation more favorable to her.  *See* SPD at 8.

Because the record demonstrates likely prejudice to Plaintiff, I conclude that she was entitled to rely on the language of the SPD.  Although the Committee determined that the language of the plan justified the offset of Plaintiff's pension, it failed to consider any conflict between the plan and the SPD.  Indeed, the Committee's letter opinion makes no mention or consideration of the faulty language of the SPD.  However, because the SPD failed to comply with the ERISA disclosure requirements, it stood in direct conflict with the language of the plan, and Plaintiff was therefore entitled to rely on the SPD.  Therefore, I conclude that the Committee abused its discretion when it determined that the offset of Plaintiff's pension benefit was permissible.

### III. CONCLUSION

For the reasons stated herein, Plaintiff's motion for summary judgment will be granted, and Defendant's motion for summary judgment will be denied, in a separate Order to follow.

The Clerk of the Court is hereby directed to send a certified copy of this Memorandum Opinion and the accompanying Order to all counsel of record.

ENTERED:   This 2nd Day of July, 2010

_____
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE